IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**WILLIAM H. COOK III,**　　　　　　　　　　CASE NO. 3: 23 CV 2210

　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　JUDGE JAMES R. KNEPP II

**COLETTE PETERS, et al.,**

　　　　　　　　　　　　　　　　　　　　**MEMORANDUM OPINION AND**
　　Defendants.　　　　　　　　　　　　**ORDER**

### BACKGROUND

*Pro se* Plaintiff William H. Cook III filed an *in forma pauperis* civil complaint in this case against the Federal Bureau of Prisons ("BOP"), BOP Director Colette Peters, four BOP employees, and the Director of Volunteers of America. (Doc. 1). He asserts the basis for federal jurisdiction is that "Defendants have violated the Home Confinement and Community Control Agreement (form BP-AO548)" and 18 U.S.C. § 3624(c)(2) by failing to release him from custody in federal prison to home confinement for the six-month period of time prior to the expiration of the term of his federal sentence. *Id*. at 4, ¶ II.A. He contends he was entitled to be released to home confinement under § 3624. For relief, he seeks damages of "$1500 for each day" he contends he should have been released. *Id.* at 6.

Plaintiff did not pay the filing fee, but instead, filed a Motion to Proceed *In Forma Pauperis*. (Doc. 2). That motion is granted, but for the reasons stated below, his complaint is dismissed.

#### STANDARD OF REVIEW

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hill*, 630 F.3d at 470-71 (holding that the "dismissal standard articulated in *Iqbal* and *Twombly* [for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6)] governs dismissals for failure to state a claim" under § 1915(e)(2)(B)).

Further, although *pro se* complaints are entitled to liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even *pro se* plaintiffs must satisfy basic pleading requirements and courts are not required to conjure allegations or construct claims on their behalf. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

#### DISCUSSION

Upon review, the Court finds that Plaintiff's complaint must be dismissed for failure to state a plausible claim.

First, as an initial matter, Plaintiff's complaint does not set forth factual allegations indicating how each Defendant was personally involved in conduct forming the basis for his claim. He only generally alleges, in conclusory terms, that Defendants have violated his rights under a federal statute. It is well-established that where, as here, a plaintiff merely lists

2

individuals in the caption of his complaint but fails to allege facts in the body of his complaint indicating each defendant's personal involvement in the rights violations he alleges, his complaint is subject to dismissal even under the liberal standard accorded *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Second, his complaint fails to state a federal claim upon which he may be granted relief in any case. Liberally construed, his complaint purports to assert a federal right under 18 U.S.C. § 3624 to be released to home confinement for a period of time prior to the expiration of the term of his federal sentence. Section 3624 confers no such right.

Section 3624 provides that the Director of the Bureau of Prisons "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). To this end, the Director "may . . . place a prisoner in home confinement for the shorter of 10 percent of the term of [his] imprisonment . . . or 6 months." *Id*. § 3624(c)(2).

But "§ 3624 does not create an individual right to be placed in a particular reentry program or in home confinement." *United States v. Miller*, 2017 WL 5514528, at *1 (S.D. Ohio). While § 3624(c) "authorizes [the] BOP to *consider* placing an inmate in home confinement, a prisoner is not automatically entitled, or guaranteed, such placement for any amount of time." *Myers v. Ashland*, 2022 WL 17573141, at *2–3 (E.D. Ky.) (collecting cases). And the "BOP's

3

placement decisions, including determinations regarding home confinement, are expressly insulated from judicial review, as the provisions of the Administrative Procedures Act ("APA") do not apply to such decisions." *Id.*

The failure of the BOP to release Plaintiff to home confinement also does not give rise to a plausible claim under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), which is the vehicle by which individuals may recover money damages for injuries suffered as a result of federal agents' violation of federal rights. A *Bivens* claim is only properly asserted against individual federal employees in their individual capacities and cannot be brought against the BOP or private individuals. *See Myers*, 2022 WL 17573141, at *2–3. But a claim regarding release to home confinement under § 3624 does not fall within the three existing contexts in which the United States Supreme Court has recognized a private right of action for damages under *Bivens*, and there is no basis for expanding *Bivens* to such a claim. *See Myers*, 2022 WL 17573141, at *3-4 (declining to expand *Bivens* to a plaintiff's constitutional claims based on a BOP determination as to home confinement under § 3624).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Proceed *In Forma* Pauperis (Doc. 2) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Plaintiff's complaint be, and the same hereby is, dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE